```
IN THE UNITED STATES DISTRICT COURT
  FOR THE DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Anthony Brian Whetstone, #60921-019, ) | C/A No. 8:17-748-JFA-JDA |
| ) | |
| Plaintiff, ) | |
| ) | REPORT AND RECOMMENDATION |
| vs. ) | |
| ) | |
| Chief Judge Thomas W. Thrash, Jr., *in his* ) | |
| *personal capacity and Jane Doe Thrash* ) | |
| *husband and wife and their marital community*; ) | |
| ) | |
| Judge William S. Duffey, Jr., *in his personal* ) | |
| *capacity and Jane Doe Duffey husband and wife* ) | |
| *and their marital community*; ) | |
| ) | |
| John A. Horn, *in his personal capacity and Jane* ) | |
| *Doe Horn husband and wife and their marital* ) | |
| *community*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Anthony Brian Whetstone ("Plaintiff"), proceeding pro se paid the $400 filing fee for this civil action. He is a federal prisoner incarcerated at FCI-Bennettsville in Bennettsville, South Carolina. The Complaint is subject to summary dismissal.

## BACKGROUND

On or about March 20, 2017, Plaintiff submitted a "verified amended complaint in equity" wherein he seeks to sue two United States District Court judges in Atlanta, Georgia, alleging that Thomas W. Thrash, Jr., is the chief judge, and William S. Duffey, Jr., allegedly handled Plaintiff's criminal case. [Doc. 1.] Plaintiff also seeks to sue John A. Horn, alleging that he is an attorney with the United States Attorney's Office in Atlanta, Georgia. [*Id*.] Plaintiff alleges that this Court has subject matter jurisdiction based on diversity and federal question. [*Id*.] He seeks monetary damages in the amount of $52,340,000.00 seeming to

allege breach of contract, failure to enforce administrative remedy, res judicata, and breach of constitutional rights. [*Id*.]

Plaintiff's claims seem to be based on the following alleged facts. He has "free will and right of dominion over his own body, blood, DNA, and all properties, and hereditaments," and he is a "de jure American" and a "private American." [*Id*.] Plaintiff served the three Defendants "with an administrative remedy for civil rights violations" because they acted under color of law to deny his constitutional rights. [*Id*.] Defendants had "an opportunity to challenge the claims made in the administrative remedy, including that of possible immunity from suit, and failed to do so." [*Id*.] Because Defendants defaulted on the administrative process, they admit they are guilty and owe the requested amount of money. [*Id*.] On September 23, 2016, Plaintiff served Defendants "via a third party, with a Criminal Complaint and Affidavit of Obligation Claim No. ABW-20169551. . . . for claims of fraud, lack of full disclosure, fraudulent coercive inducement into contract, violation of rights without subject matter jurisdiction, criminal violations and human rights violations." [*Id*.] Plaintiff gave Defendants 30 days to rebut the allegations, but they did not respond. [*Id*.] Plaintiff served Defendants again "via a third party, with a Notice of Fault. . ." and gave them an additional 10 days to rebut the facts in the Affidavit of Obligation; again they failed to respond. [*Id*.] Plaintiff seems to allege that on December 15, 2016, he served Defendants with a "Notice of Default and Certificate of Dishonor/Administrative Judgment. . . ." Defendants again failed to respond. [*Id*.] Thus, Plaintiff alleges that Defendants have been given three opportunities to "correct their injuries to Plaintiff," so he has come to this Court "with clean hands," there are no facts in controversy, and he is

2

entitled to relief. [*Id*.] Plaintiff alleges Defendants are in debt to him in the amount of $52,340,000.00. [*Id*.]

Plaintiff attaches many exhibits to the Complaint. One exhibit indicates that Plaintiff was convicted of robbery affecting interstate commerce, use of firearm during a crime of violence, and armed bank robbery in the United States District Court for the Northern District of Georgia (Atlanta Division) on February 10, 2011, in Case No. 1:09-cr-216-01-WSD. [Doc. 1-2 at 18–23.] Judge William S. Duffey, Jr. signed the judgement, and Plaintiff apparently received a total sentence of imprisonment of 425 months. [*Id*.]

On March 27, 2017, this Court entered an Order directing Plaintiff to bring this case into proper form, including that he was required to complete the Court's prisoner complaint form. [Doc. 7.] On or about April 19, 2017, Plaintiff submitted a "second verified amended complaint in exclusive equity" in order to "correct" his pleading, but he refused to complete this Court's form because his complaint "does not fit within the scope of the DISTRICT COURT's form for civil rights violations" because he is not a "statutory citizen." [Doc. 1-9.] Plaintiff alleges that he is "a private American, not a public 'United States Citizen' . . . not the statutorily-created, public, quasi-artificial 'PERSON' created by the State." [*Id*.] He further contends he is not a resident, driver, taxpayer, nor any other legislatively created legal fiction term. [*Id*.]

Within the "second verified amended complaint in exclusive equity," Plaintiff restates many of the same allegations from the original complaint. The Court notes that Plaintiff also alleges that in Case No. 1:09-cr-216-1-WSD "[t]here was no evidence of subject matter jurisdiction on the record of the court," that Judge Duffy failed to inform him of the nature of jurisdiction of the court, and that his defense attorney did not challenge

3

jurisdiction. [Doc. 1-9 at 5.] And, Plaintiff contends that the prosecutor failed to place evidence of jurisdiction on the record. [Doc. 1-9 at 6–7.] Plaintiff contends that by their silence Defendants have admitted the court had no subject matter jurisdiction on the record so the criminal judgment is void. [Doc. 1-9 at 7.] In addition to damages, Plaintiff requests that this Court vacate the judgment entered in 1:09-cr-216-01-WSD with prejudice requiring his immediate release from prison. [Doc. 1-9 at 13.]

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, although Plaintiff prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.[1]

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to

---

[1]This case is not being screened pursuant to 28 U.S.C. § 1915 because Plaintiff is not proceeding *in forma pauperis*.

4

state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **DISCUSSION**

This action is subject to summary dismissal for several reasons. First, Plaintiff has failed to comply with this Court's March 27, 2017, Order. Therein, this Court specifically directed Plaintiff to complete and submit the Court's prisoner complaint form. [Doc. 7.] He simply refused because he believes that the court form does not apply to him, even though this Court had instructed him that it does apply. Because Plaintiff has failed to comply with this Court's March 27, 2017, Order, it is recommended that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Additionally, it is clear to the Court that the crux of this matter is that Plaintiff seeks to undermine the federal criminal conviction that he is currently serving by requesting damages to compensate him for serving the allegedly unlawful conviction and sentence.[2]

---

[2] Because Plaintiff seeks damages from Defendants who are alleged to be federal actors, the Complaint is construed as an action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

5

But, he does not allege that his conviction previously has been invalidated. In *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), the Supreme Court pronounced,

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* Further, the Supreme Court stated that,

> . . . when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008).

The *Heck* holding applies to this case. It appears that Plaintiff is serving a sentence based on his February 10, 2011, conviction in the United States District Court for the Northern District of Georgia. Although Plaintiff alleges Defendants defaulted on a contract and thus owe him $52,340,000.00 in damages, he also alleges he was denied rights guaranteed by the United States Constitution based in part because there was no subject matter jurisdiction evident on the record in his criminal federal conviction in Georgia, Case No. 1:09-cr-216-1-WSD. Thus, his claims are intertwined with his attempt to attack his conviction. Plaintiff does not allege that his conviction has been invalidated, for example,

by a reversal on direct appeal or a federal court's issuance of a writ of habeas corpus. A favorable determination on the merits of Plaintiff's civil claims in this lawsuit would imply that Plaintiff's criminal conviction and sentence, which he is currently serving, were invalid. Because Plaintiff has not alleged that he already has successfully challenged the lawfulness of his conviction, this civil action should be dismissed based on *Heck*.

Further, Defendants Thrash and Duffey have absolute judicial immunity from this civil action. It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *see also Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (explaining that if a challenged judicial act was unauthorized by law, the judge still has immunity from a suit seeking damages). Whether an act is judicial or nonjudicial relates to the nature of the act, such as whether it is a function normally performed by a judge and whether the parties dealt with the judge in his judicial capacity. *Mireles*, 502 U.S. at 12. Immunity applies even when the judge's acts were in error, malicious, or in excess of his authority. *Id.* at 12–13. Immunity presents a threshold question. *See Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982). Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Here, although Plaintiff alleges that Judges Thrash and Duffey operated "in their ministerial capacity, enforcing statutes, and therefore, have no judicial immunity," the Court finds that the alleged factual misconduct of presiding over criminal proceedings and entering a criminal judgment against Plaintiff relate to judicial acts. Thus, because the

7

alleged misconduct of Thrash and Duffey primarily arose out of their judicial actions, judicial immunity squarely applies and should bar this lawsuit against them.

Defendant Horn is alleged to be an attorney in the United States Attorney's Office in Atlanta, Georgia, and the Court notes that United States Attorneys are federal prosecutors. Prosecutors have absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. *See Van de Kamp v. Goldstein*, 129 S.Ct. 855, 860–62 (2009). For example, when a prosecutor "prepares to initiate a judicial proceeding", "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies. *Id.*; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). It appears that Horn's alleged conduct relates to his efforts during the criminal prosecution of Plaintiff. Therefore, he has absolute immunity from this lawsuit. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

Lastly, Plaintiff's request that this Court enter an order for his immediate release from prison fails to state a plausible claim. Where a Plaintiff brings a civil § 1983 action seeking to shorten the length of his imprisonment, such relief is not available. *See Heck*, 512 U.S. at 481 (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *cf. Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973) (attacking the length of duration of confinement is within the core of habeas corpus).

**RECOMMENDATION**

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

s/Jacquelyn D. Austin
United States Magistrate Judge

May 1, 2017
Greenville, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).